■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE BASIC, Appellant. — Judgment of conviction of attempted assault, first degree, Supreme Court, New York County (Leff, J.), rendered July 13, 1979, after plea of guilty, unanimously affirmed. The crime of which appellant was convicted consisted, reduced to its simplest form, of stealing an automobile from a parking lot and attempting to run down a police officer who tried to stop him, and, in the ensuing chase, striking two other officers and doing much property damage, eventually necessitating arrest at gunpoint. While out on bail awaiting disposition of this case, he committed a robbery for which he was sentenced to four and one-half to nine years; on the instant plea of guilty, as a predicate felon, he was sentenced to a term, negotiated on the plea, of 3 to 6 years, to run concurrently with the robbery sentence. The sentence minutes do not indicate that appellant was then less than satisfied with the disposition of his case. On appeal, however, appellate counsel presents the sole point urged on us: "APPELLANT'S SENTENCE OF 3 TO 6 YEARS WAS EXCESSIVE IN VIEW OF HIS BACKGROUND AND HIS ADMISSION OF GUILT. Given appellant's background and his need for structured rehabilitation, and his admission of guilt, his sentence of 3 to 6 years was excessive. Therefore, his sentence should be modified by

reducing the terms imposed. Appellant's background, as detailed in the presentence report, reveals a 29-year-old man with serious problems in developing a realistic self-image due to his father's ineffectual raising of appellant. Further, while appellant has been afforded prior opportunities to reform his behavior, it is doubtful whether the structured and systematic attention that he needs has ever been provided. Appellant's crime cannot be minimized, nor can the need for punishment be ignored. However, rehabilitation, especially for someone appellant's age, is equally important. The length of the sentence imposed is counterproductive to the goal of returning him to society so that he will not repeat these acts. A reduction in the sentence would at least enhance appellant's motivation to rehabilitate himself by demonstrating that his case has been considered in its unique context. Moreover, appellant agreed to plead guilty, saving the court and People the necessity of a trial and pretrial motion proceedings. We contend that greater leniency should have been afforded appellant in view of this decision. Accordingly, appellant's sentence should be modified by reducing the terms imposed." By this statement counsel for the defendant-appellant would impute to this court a high degree of naivete and credulity. If a more worthy argument cannot be made, then counsel should seek to withdraw. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) "We cannot countenance such irresponsible contentions on appeal." *(People v Santiago,* 81 AD2d 560.) Concur — Kupferman, J.P., Sullivan, Carro, Markewich and Silverman, JJ.